[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11096
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61749-JIC

DERRICK DEVON GRIFFIN,

Plaintiff - Appellant,

versus

JEFFREY R. LEVENSON,
ALFRED J. HOROWITZ,
MICHAEL J. SATZ,
JOEL SILVERSHEIN,
AL LAMBERTI, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 14, 2010)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Devon Griffin, a Florida prisoner, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 claim, alleging that the defendants acted without authority during his Florida criminal prosecution. The court dismissed Griffin's complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), after finding that Griffin's § 1983 action should have been brought as a habeas petition.

When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Griffin fails to show that his § 1983 does not challenge the validity of his conviction and sentence. If the district court had found in favor of Griffin, then his conviction would have been invalidated. The district court properly dismissed

Griffin's § 1983 claim as the incorrect vehicle for a challenge to his conviction and sentence. *See Heck*, 512 U.S. at 481, 487, 114 S.Ct. at 2369, 2372. Accordingly, we affirm the dismissal of Griffin's complaint.

**AFFIRMED.**